TJOFLAT, Circuit Judge, dissenting: I agree with the majority that the dismissal of Lewis’s § 1983 and equal protection claims against Union City and against Chief Odom should be affirmed. We part ways after that. I. Lewis fails to show a genuine dispute of material fact as to whether she was “regarded as” disabled under the ADA. To be “regarded as” disabled, Lewis must show that “she has been subjected to a[ ] [prohibited] action ... because of an actual or perceived physical or mental impairment.” 42 U.S.C. § 12102(3)(A) (emphasis added). Lewis was placed on administrative leave because Dr. Harris recommended that Ta-sers and OC spray not be used on “or near” Lewis. The Union City Police Department required all officers to carry Ta-sers, and officers routinely carried OC spray into the office. Lewis’s mere presence at work put her at risk. Whether that fact derived from her heart condition is irrelevant: she could not be at work, so she was placed on leave. She was then terminated because she was out of leave, had not submitted FMLA paper work requesting additional leave, and had not provided any information from her doctor indicating she could return to work. Although the trier of fact is not required to accept the Defendants’ proffered reasons, the Plaintiff is required to put forth evidence countering them and allowing a jury to reasonably conclude she was fired because she was regarded as disabled. See Trask v. Sec’y, Dep’t of Veterans Affairs, 822 F.3d 1179, 1191 (11th Cir. 2016). Lewis has not done so. Lewis must also show she is a “qualified individual” who can perform the “essential-functions” of her job to succeed on her ADA claim. 42 U.S.C. § 12111(8). I agree with the majority that whether receiving a Taser shock is an essential function of being a detective is a question for the jury. But surely Lewis would at least have to be medically able to be,around Tasers and OC spray. The position of Police Department Detective requires working with other officers who carry and use such weapons. OC spray is an aerosol that can affect anyone, in its .vicinity; an inadvertent discharge in the, Police Department building might affect .everyone present. Taser shocks can endanger many others beside the intended recipient. No reasonable jury could find that a detective who cannot risk exposure to. OC spray and Tasers could satisfy the essential functions of her job.[1] . Thus, whether stated as failing to prove she was fired becmse she was regarded as disabled,’ or as failing to prove she could perform the essential functions of her job, Lewis failed to meet her burden. Lewis has not shown that the Police Department fired her because it regarded her as disabled. IL Likewise, under Title VII, Lewis has not put forth sufficient evidence for a jury to reasonably conclude the Union County Police Department discriminated against her because of her race or gender. First, she has failed to offer comparators who are similarly situated such that their disparate treatment could support an inference of discrimination. Lewis must show that she and her comparators “are similarly situated in all relevant aspects.” Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997). She must show that the activity in which her comparators were involved and the consequences that resulted are “nearly identical to the plaintiffs in order to prevent courts from second-guessing employers’ reasonable decisions and confusing apples with oranges.” Flowers v. Troup Cty., Ga., Sch. Dist., 803 F.3d 1327, 1341 (11th Cir. 2015) (quoting Silvera v. Orange Cty. Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001) (quotation marks omitted)). “Though the comparators need not be the plaintiff s dopplegangers, the ‘nearly identical’ standard requires much more than a showing of surface-level resemblance.”[2] Id. Lewis’s proposed comparators, Sergeant McClure and Officer Heard, fall far short of this standard. Indeed, the only ways in which they are similar to Lewis are that all three failed to meet some sort of requirement, and all three were placed on administrative leave. The similarities stop there. McClure and Heard failed to meet physical fitness requirements, while Lewis failed to meet a training requirement. These two sets of requirements have different purposes, and thus are governed by different sets of policies.[3] It is the Police Department’s prerogative to. decide how best to remedy deficiencies in each set.[4] Holding that McClure and Heard are. sufficiently comparable to Lewis such that she can escape summary judgment would do away with our “nearly identical” standard. Lewis has also failed to show a “convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination.” Smith v. Lockheed-Martin Corp., 644 F.3d 1321, 1328 (11th Cir. 2011) (emphasis added) (quoting Silverman v. Bd. of Educ., 637 F.3d 729, 734 (7th Cir. 2011)). The majority finds evidence from which the jury could infer the Police Department was “arbitrary” and “inconsistent]” in its actions toward Lewis, that its averred reasons for terminating her were false, and that it treated other employees differently. Ante, at 1019-21. I agree. Lewis may have put forth a mosaic of circumstantial evidence that would allow a jury to infer something.■ But there is no evidence that something would - be intentional discrimination. There could be any number of reasons[5] that the Police Department treated Lewis the way it did—she could have been personally disliked, the Police Department may have believed that she was malingering, or perhaps she and Chief Odom were fans of rival basketball teams. “Title VII does not allow federal courts to second-guess ■ nondiscriminatory business judgments, nor does it replace employers’ notions about fair dealing in the workplace with that of judges.” Flowers, 803 F.3d at 1338. The only evidence Lewis offers “that even touches on” her race or Render is the fact that her proposed comparators— whose situations are dissimilar in degree and kind—are of a different race and gender. See id. Lewis has the burden of persuasion, yet the evidénce she puts forward, without more, simply does not “suggest a causal connection between”, her race or gender ánd her treatment by the Police Department. See id. Lewis has not put forth a convincing mosaic of circumstantial evidence that would tend to show that the Police Department intentionally discriminated against her based on her race or gender. Her claim thus cannot survive summary judgment. For these reasons, I respectfully dissent. . At least not-without a reasonable accommodation of transfer to another position,, which Lewis has failed to put forth. . The Court here argues that the nearly identical test does not apply because in "the majority” of cases where this Court uses the standard, it has been applied to answer the supposedly "narrow question” of whether “workplace misconduct” by proposed comparators of different races or genders, for which they were treated more leniently than the plaintiff, was sufficiently similar to the plaintiff's misconduct to support an inference of discrimination, Ante, at 1017-18, n. 11. Two points, at least. First, continuing to stay out on leave one knows one is no longer entitled to, without properly notifying one’s employer, sure seems like "misconduct.” Second, the majority admits "[t]wo recent cases that did not involve disparate treatment of workplace misconduct have used” the nearly identical standard, while failing to cite any precedent indicating that standard is confined to that circumstance. See id. The majority nevertheless concludes that the nearly identical test "was tailored specifically to determine whether" misconduct by proposed comparators was sufficiently comparable to that of plaintiffs. Id. I fail to see a foundation on which this conclusion rests., ,, . McClure and Heard were placed on administrative leave under a physical fitness policy that expressly provided for 90 days of unpaid leave for failing a fitness test. In contrast, Lewis was placed on administrative leave because her doctor recommended that weapons she was to be certified to carry as part of her training could not be used "on or near her,” Under this separate policy, she was expressly instructed to apply for FMLA leave and that she could use, her other leave "until ... expended.” Lewis was then terminated after exhausting her other leave and failing to apply for FMLA leave. . Note here, in addition to our reticence to substitute the Court’s judgment for that of employers, the "special need for deference to the employment decisions of those responsible for ensuring public safety," across many contexts. See, e.g., Kokkinis v. Ivkovich, 185 F.3d 840, 845 (7th Cir. 1999); Kuchenreuther v. City of Milwaukee, 221 F.3d 967, 974 (7th Cir. 2000); Ethridge v. Alabama, 860 F.Supp. 808, 816 (M.D. Ala. 1994); Robert v. Carter, 819 F.Supp.2d 832, 844-45 (S.D. Ind. 2011). . As the majority puts it: "there, are many conclusions a jury could reach based on the evidence presented ... which would [not] support a finding of discrimination.” Ante, at 1019.